

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ABILENE CHRISTIAN UNIVERSITY<br>a Non-Profit Texas Corporation, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:10CV-249  C |
| GERALD EWING<br>an Individual, | § | |
| | § | JURY DEMANDED |
| Defendant. | § | |

### ORIGINAL COMPLAINT

PLAINTIFF, Abilene Christian University, files this "Original Complaint" against

Gerald Ewing, and in support thereof would show the Court as follows:

### I. PARTIES

1. Plaintiff, Abilene Christian University (hereinafter "Plaintiff" or "ACU")

is a Texas Corporation, and a Non-Profit Corporation under the Internal Revenue Code,

26 U.S.C. §501(c). ACU can be served through its registered agent, Slade Sullivan at

1695 Campus Court, Abilene, Texas 79699.

2. Defendant, Gerald Ewing (hereinafter "Ewing" or "Defendant") is an

individual residing at 4126 Sera Drive, Abilene Texas, 79606. Ewing may be served at

his residence.

### II. JURISDICTION AND VENUE

3. This is a civil action for declaratory judgment of non-infringement of

copyrights and for declaratory judgment that ACU has an unrestricted license to use

certain Works of Authorship created by Ewing under the Copyright Statute, 17 U.S.C. §101 *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28. U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

4.      This Court has personal jurisdiction over Defendant, and venue is proper in this District under 28 U.S.C. §1391(b).

### III.    FACTS

5.      Ewing is a freelance photographer, and has provided his freelance photography services to ACU from time-to-time since 1997.

6.      Since 1997, ACU has requested Ewing to shoot various photographic projects, and create photographs from the projects for ACU on a project-by-project basis. The projects which ACU requested Ewing to shoot range from sporting events of University teams to campus activities. The photographs resulting from the projects for which ACU hired Ewing shall collectively be referred to herein as the "Works."

7.      Since 1997, ACU and Ewing have never entered into a written agreement setting forth terms under which Ewing provided the Works to ACU.

8.      ACU compensated Ewing for the Works resulting from each photograph project Ewing shot for ACU.  In fact, since 2001, ACU has paid Ewing over two hundred fifty thousand dollars ($250,000) for the Works.

9.      For each photograph project, Ewing delivered to ACU the Works resulting from the project.

10.     From 1997-2001, Ewing's primary medium of creating and storing the Works was on film.  During that time, Ewing would drop off the film at a photo-imaging

2

center for development.  The prints and the photograph negatives were then picked up by ACU, and brought to ACU for ACU's use and copying.

11.     In 2001, Ewing began using digital cameras for ACU's projects.  At the conclusion of each project, Ewing gave ACU a DVD, CD or other storage device containing the Works for the project.

12.     Since 1997, Ewing has freely handed the Works from each ACU photograph project to ACU, for ACU to use as it wishes.  Ewing has never conveyed, either in writing or orally, to ACU that there were any restrictions on ACU's use of the Works.

13.     Since 1997, ACU has used the Works with the understanding that ACU was free to use the Works how it wished.  Such use by ACU has included, but is not limited to distribution of some of the Works to third parties to use for various marketing and publicity purposes.  The third party use for which ACU provided some of the Works includes, but is not limited to use by third party media sources for news stories and articles.  Ewing knew of such distributions by ACU to third parties and did not complain about these distributions.

14.     Although Ewing raised some concerns over the overall aesthetic appearance of some of the Works on ACU's website from time-to-time, until recently, Ewing never complained about the manner in which ACU used or displayed any of the Works.  In fact, since 1997, Ewing has consistently conveyed to ACU employees that ACU could use the Works as it wished.

15.     In late July of 2010, Ewing complained to an ACU employee, for the first time, about ACU's use of one of the Works being displayed in a local restaurant

establishment.  Specifically, Ewing complained about a photograph he took in 2007 at ACU's request of Johnny Knox, an ACU alumnus and current football player for the Chicago Bears, being displayed on the wall of the establishment.  ACU was requested by the restaurant to provide a photograph for display on the wall of the establishment, and received no compensation for doing so.

16.     After Ewing's initial complaint to ACU in July of 2010, Ewing began to complain about other ACU uses of the Works, including ACU's display of some of the Works at the Abilene Regional Airport.

17.     On September 16, 2010, Ewing, through his attorney, sent ACU a cease and desist letter.  Therein, Ewing admits that ACU hired him on a project basis, and that he was paid for each project.

18.     In the cease and desist letter, Ewing admits that in exchange for such payment from ACU, Ewing granted ACU a "project license" to use the Works.

19.     However, for the first time, Ewing claims in the cease and desist letter that ACU's license was limited to use for internal marketing purposes for a period of one (1) year after the project for which he was paid to shoot.  Ewing contends in the cease and desist letter that ACU has exceeded the scope of its license.

20.     In the cease and desist letter, Ewing claims that he owns the copyrights to all of the Works, and that ACU's use of the Works constitutes copyright infringement under 17 U.S.C. §106(a).  Ewing also attempts to terminate ACU's license in the Works.

21.     In the cease and desist letter, Ewing threatens that "[i]f ACU does not immediately remove the infringing material from all of the uses not allowed [sic](all photographs taken by Gerald Ewing) and confirm in writing that the Works have been

4

removed, [Ewing] will take further action to pursue the appropriate legal remedies in state and/or federal court."

## IV.    COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE COPYRIGHTS TO THE WORKS

22.    ACU repeats and realleges the allegations contained in the foregoing paragraphs.

23.    As a result of Ewing's claims of copyright infringement under the Copyright Statute, 17 U.S.C. §101 *et seq.,* and Ewing's threat to sue ACU, ACU must live in fear daily of being haled into court by Ewing for, *inter alia,* copyright infringement.  As such, an actual, justiciable controversy exists between ACU and Ewing within the jurisdiction of this Court.

24.    ACU therefore requests a Declaratory Judgment from this Court pursuant to 28 U.S.C. §2201 that ACU has not infringed any of Ewing's copyrights in any of the Works from 1997 through the date of trial.

25.    ACU also requests further necessary or proper relief based on the declaratory judgment pursuant to 28 U.S.C. § 2202, including but not limited to awarding ACU it's attorneys' fees and costs incurred in bringing this Action.

## V.    COUNT II

### DECLARATORY JUDGMENT THAT ACU HAS AN IMPLIED, NON-EXCLUSIVE, NON-TERMINABLE LICENSE TO THE WORKS

26.    ACU repeats and re-alleges the allegations contained in the foregoing paragraphs.

27.     As a result of Ewing's claims of copyright infringement, Ewing's attempted termination of ACU's license, and Ewing's claims that ACU has exceeded the scope of its license with Ewing in the Works, in addition to Ewing's threat to sue ACU, ACU must live in fear daily of being haled into court by Ewing for, *inter alia*, breach of ACU's license with Ewing in the Works.  As such, an actual, justiciable controversy exists between ACU and Ewing within the jurisdiction of this Court.

28.     ACU therefore requests a Declaratory Judgment from this Court pursuant to 28 U.S.C. §2201 that ACU has an implied, non-exclusive and non-terminable license to use the Works, and that said license is unlimited in scope or duration.  ACU further requests a declaration from the Court that ACU has not exceeded the scope of its license to the Works, or otherwise breached the license between ACU and Ewing in and to the Works from 1997 through the date of trial.

29.     ACU also requests further necessary or proper relief based on the declaratory judgment pursuant to 28 U.S.C. § 2202, including but not limited to awarding ACU it's attorneys' fees and costs incurred in bringing this Action.

## VI.    JURY DEMAND

Plaintiff, Abilene Christian University hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court enter an Order declaring the following:

A.      Plaintiff has not infringed any copyrights owned by Defendant in any of the Works;

B.      That Plaintiff has an implied, non-exclusive, non-terminable license to the Works;

C.      That, based on the conduct of the Parties, Plaintiff's implied, non-exclusive, non-terminable license grants Plaintiff the unrestricted and unlimited right to copy, reproduce, sell, distribute, publish, or otherwise use the Works;

D.      That ACU did not materially breach or exceed the scope of the implied, non-exclusive, non-terminable license between Plaintiff and Defendant;

E.      That Plaintiff be awarded its costs, expenses and reasonable attorneys' fees, including pre-judgment and post-judgment interest for bringing this Action; and

F.      That Plaintiff be awarded any and all such further relief, whether at law or in equity, as the Court finds Plaintiff to be so entitled.

Respectfully submitted,

*Roy B. Longacre* by: Ben Grant

Roy B. Longacre
State Bar No. 12539000
WAGSTAFF, ALVIS, STUBBEMAN,
SEAMSTER & LONGACRE, L.L.P.
290 Cedar
Abilene, Texas 79601
(325) 677-6291 Telephone
(325) 677-6313 Facsimile
longacre@wagstafflaw.com

and

Robert L. McRae
State Bar No. 24046410
(Application for Admission filed)
John C. Cave
State Bar No. 00783812
(Application for Admission filed)
GUNN, LEE & CAVE, P.C.
300 Convent St., Suite 1080
San Antonio, Texas 78205
(210) 886-9500 Telephone
(210) 886-9883 Facsimile
rmcrae@gunn-lee.com
jcave@gunn-lee.com

ATTORNEYS FOR PLAINTIFF