IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ABILENE CHRISTIAN UNIVERSITY | (   No. 1-10CV-00249-C |
| | ( |
| v. | ( |
| | ( |
| GERALD EWING | ( |

### RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO STRIKE

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, GERALD EWING, files this Response to the Opposed Motion to Strike, and in response would show:

1.

The Plaintiff, Abilene Christian University has filed a Motion to Strike the designation of James Watson as an expert witness. Mr. Watson, whose pertinent address is 116 O'Connor Street, Menlo Park, CA 94025, 650-521-7880 (Jason@jasonwatson.com ), has been designated to testify to the issues of copyright infringement and the damages Gerald Ewing has sustained.

2.

The Plaintiff has also filed to strike attorney's fees based on receiving actual time sheets late.

3.

On September 12, 2011, the Defendant served upon Plaintiff's Counsel its Designation of Expert. The Defendant concedes that the designation was outside the Scheduling Order. However, Defendant's Counsel would urge that there is good cause for the late designation, or at least, the late designation is the product of excusable neglect.

A Court may permit the designation of an expert outside a discovery deadline for cause shown.

Fed.R.Civ.P. 6(b).  A Trial court's decision to exclude a late-designated expert is discretionary. Hamburger v. State Farm Mut. Auto Ins. Co., 361 F.3d 875 (5th Cir. 2004); Betzel v. State Farm Lloyds, 480 F.3d 704 (5th Cir. 2007). The failure to act is governed by a standard of excusable neglect.  The parameters of excusable neglect are set out in the case of Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, (1993). In deciding whether to exclude a late-designated expert, the court considers four factors: [1]  the explanation for the failure to designate the witness; [2]  the importance of the testimony; [3] the prejudice in allowing the testimony; and [4]  the availability of a continuance to cure the prejudice. Bernhardt v. Richardson-Merrill, Inc., 892 F.2d 440, 444 (5th Cir 1990).

The Defendant's explanation for the late designation is three-part. First, the Defendant had an attorney that developed a health condition which slowed his outcome from mid-January until a back surgery on April 18, 2011. After the back surgery,  Defense Counsel had a difficult time sitting for roughly  two-three weeks.

In mid-January Steve Hershberger encountered severe left leg pain after a swim workout at the COM-Aquatics Center in Midland.  The left leg pain was located primarily in his mid-outer left thigh, at the outer left knee, at the top of his left calf and inside his ankle. By Feburary, Mr. Hershberger could not stand for longer than four to five minutes, and he could not walk for more than one-half a block without sitting down.

Mr. Hershberger came under the care of an orthopaedic  physician, Dr. John Dean in Midland, Texas. On or about April 01, 2011, Steve Hershberger underwent an MRI at Midland Memorial Hospital. Dr. Dean then diagnosed Steve Hershberger had left leg sciatica due to a piece of disc at the L4-L5 portion of his back pressing against a nerve. He was referred to Dr. Dormin, a neurologist, who performed a discectomy on April 18, 2011, at Midland Memorial Hospital.

During the surgical workout, the physicians and nurses found that Mr. Hershberger, despite being 53 at the time, had an irregular heart beat. After the surgery, Mr. Hershberger came under

the care of Dr. Yarlagadda, a Midland cardiologist with Permian Cardiology. Mr. Hershberger has

been required to undergo Coudamin therapy and has been going to Permian Therapy close to

weekly.

Thus, the health care problems of Steve Hershberger slowed the movement of this case.

Secondly, once Mr. Hershberger returned in mid-May to tackle his docket, he was faced with

four trials; three criminal jury, one civil bench trial. There trials were as follows:

[1] State v. Santa Maria Aguirre, CR-35,449, 238th District Court, Midland County, Texas
    (Felony Jury Trial, May 23, 2011 – May 25, 2011);
[2] State v. Alfredo Cantu, CR-36,131, 238th District Court, Midland County, Texas
    (Felony Jury Trial, June 06, 2011 – June 09, 2011);
[3] State v. Ruben Benavides, CR-37,175, 142d District Court, Midland County, Texas
    (Felony Jury Trial, CR-37,175, July 21, 2011 – July 22, 2011);
[4] Osaba Ranch v. Brewster County, Texas, CR. 2007-03-B8551CV, 394th District Court of Brewster
    County, Texas (Hon. M. Pennington, sitting by designation): civil/county road designation case)
    (June 20, 2011 – June 23, 2011, in Alpine, Texas)

In addition, during the Summer of 2011, Steve Hershberger had an unusually heavy briefing schedule

with the United States Court of Appeals, Fifth Circuit. In the past, Steve Hershberger's experience had

been the summer month of June and half of July were somewhat "slower" than normal. This year, the

Summer months were extremely busy.

Steve Hershberger has a solo practice in attorney in Midland, Texas. He has one legal assistant.

A significant health event has the effect of slowing the amount of production from his office.

Third, the first set of depositions were not conducted until early August. The deposition of Gerald

Ewing was taken in August in Abilene. The depositions of Ron Hadfield, Lance Fleming and Jared

Mosley were also taken in August in Abilene. A follow up deposition was taken of Larry Sanders and

a representative of the Abilene Airport in Abilene. The deposition of a representative of Sage Cards was

taken in California. The deposition of Stephanie Carlson, a representative of Panini Sports Cards,  was

taken on October 18, 2011 in Dallas, Texas.

Thus, the Plaintiff was not in position to designate a witness due to the fact that significant inform-

ation had not been developed until mid-September 2011. Without accurate information, an accurate depiction of the facts and opinions.

The importance of Mr. Watson's testimony is that he is an experience photographer and has knowledge of the use and value of sports photographs within the sports industry. He can greatly assist a jury about the issues of copyrighted photographs in the sports industry and the values of photographs for sports card companies.

The potential prejudice in allowing his testimony and available options to cure prejudice are available here. The trial date is in the Spring 2012. Mr. Watson can travel to San Antonio and appear at the office of Plaintiff's counsel for depositions.

In sum, Defense Counsel urges that all four factors point to discretion being exercise on the question of excusable neglect in favor of the Defendant.

4.

On the issue of attorney's fees, the Defendant's counsel urges that the actual production of time record is subject to attorney client privilege and the attorney work product privilege. Thus, the argument to strike attorney's fees is infirm.

In any case, the number of hours devoted to a case will increase as activity occurs. To require an opposing attorney to produce his time records as he is working on a case would be so overly burdensome as to be oppressive. In addition, the contemporaneous produce time records would give an advantage to opposing counsel in a system where it is not contemplate. Opposing Counsel would be able to obtain privileged information and would be able to gleam attorney strategy and tactics.

<u>Prayer</u>

GERALD EWING, the Defendant, moves for the Court to deny the Plaintiff's Opposed Motion to Strike Defendant's (A) Late Designation of Expert Witness and (B) Late Production of Documents.

Respectfully submitted,

Steve Hershberger, Attorney at Law
P.O. Box 50764
Midland, TX 79710-0764
432-570-4014

By: /s/ Steve Hershberger
Steve Hershberger
Texas State Bar # 09543950

Attorney for Defendant Gerald Ewing

Certificate of Service

This is to certify that a true and correct copy of the foregoing Designation of Expert was served by certified mail and electronic mail on Plaintiff's Counsel, Robert McRae, Gunn Lee & Cave, 300 Convent Street, Ste. 1080, San Antonio, TX 78025 on the 31st day of October, 2011.

/s/ Steve Hershberger
Steve Hershberger