IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ABILENE CHRISTIAN UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | |
| ) | |
| GERALD EWING, ) | |
| ) | |
| Defendant. ) | Civil Action No. 1:10-CV-249-C |

## **ORDER**

On this date the Court considered:

(1)   Plaintiff Abilene Christian University's ("ACU") Motion to Compel, filed July 27, 2011;

(2)   ACU's Supplement to Plaintiff's Motion to Compel, filed August 11, 2011;

(3)   Defendant Gerald Ewing's ("Ewing") Response, filed August 24, 2011;

(4)   ACU's Motion for Leave to File Reply, filed August 25, 2011;

(5)   Ewing's Amended Response, filed September 13, 2011;

(6)   ACU's Opposed Motion to Strike Defendant's (A) Late Designation of Expert Witness, and (B) Late Production of Documents, filed October 7, 2011;

(7)   Ewing's Response to ACU's Motion to Strike, filed October 31, 2011; and

(8)   ACU's Opposed Motion to Strike Defendant's "Response to Plaintiff's Opposed Motion to Strike," or, in the Alternative, Unopposed Motion for Leave to File Reply, filed November 8, 2011.

The Motions and Responses listed above have arisen from discovery disputes between the parties. The Court has reviewed the issues raised in the Motion to Compel and finds that the Motion should be **DENIED AS MOOT** because the parties state to the Court in the various filings that the discovery at issue has been provided.

In its Supplement, ACU states that it has received satisfactory responses to Requests Nos. 18-20 and 37-40. (ACU's Supp. 2.) However, in its Supplement, ACU states that a dispute remains as to Request No. 43, which relates to time sheets and documentation for Ewing's costs and attorneys' fees. ACU represents to the Court in its Opposed Motion to Strike that Ewing did produce his attorneys' time records and has thus satisfied Request No. 43. (ACU's Mot. Strike 1.)

ACU goes on to state in its Supplement that Requests Nos. 47-52 remain in dispute, as do Plaintiff's Interrogatories Nos. 2, 4, 7, and 8. (ACU's Supp. 3.) After reviewing Ewing's Response to the Motion to Compel and the attached supplemental responses to Plaintiff's Interrogatories Nos. 2, 4, 7, and 8, the Court is of the opinion that Ewing has complied with the discovery requests and answered the disputed interrogatories. Regarding Requests Nos. 47-51, ACU states in cursory fashion that "ACU disputes Defendant's assertions in his responses to Requests Nos. 47-52." (ACU Supp. 2.) Although Defendant filed responses to these requests (47-52), ACU claims that "those Requests are still at issue." (*Id*.) It is unclear to the Court if ACU is taking issue with the timing of receipt of the responses or simply doesn't believe the responses. At any rate, ACU failed to elaborate and the Court will not begin to guess as to the reason. Thus, the Court finds that Ewing has provided responses to Requests Nos. 47-52—even though ACU may dispute the responses.

As to ACU's request for attorneys' fees for filing the Motion to Compel, the Court finds that this is not the type of situation warranting such an award of fees.  Moreover, no billing amounts, fee rates, or hours expended in preparing and filing the Motion were provided to the Court with ACU's Motion.  Thus, ACU's request for attorneys' fees in connection with filing the Motion to Compel are DENIED.

Turning now to ACU's Motion to Strike, the Court finds that the attorney time records produced by Ewing should not be stricken.  However, in reviewing the arguments for striking Ewing's late designation of an expert witness, the Court finds ACU's argument to be meritorious.  The proposed expert's designation was over three months late, and there has been no showing of good cause as to why said designation was so tardy or why an extension was not sought.  ACU further argues in its Opposed Motion to Strike Defendant's Response [to ACU's Motion to Strike] that Ewing has not brought a claim for copyright infringement and the time for amending pleadings has long passed.  In his designation, Ewing identifies the proposed expert as someone who "will testify to the issue of copyright infringement and the damages Gerald Ewing has sustained as a result of the copyright infringement." (ACU's Mot. Strike at Ex. D.) Although ACU is correct in contending that Ewing has not pleaded a counterclaim for copyright infringement, it is more likely that Ewing is simply stating that the proposed expert's opinion would be helpful in determining whether ACU infringed any copyrights of Ewing—the basis for ACU filing this declaratory action.  At any rate, the designation is untimely and ACU further argues that no expert report has been provided as to this proposed expert witness.  To allow such a witness at this point would prejudice ACU.  Thus, for the reasons argued by ACU, ACU's

Motion to Strike is **GRANTED IN PART** and the designation of James Watson as an expert is STRICKEN.

IT IS, THEREFORE, ORDERED that

(1) Plaintiff's Motion to Compel is **DENIED AS MOOT**;

(2) Plaintiff's Motion for Leave to File Reply is **GRANTED**;

(3) Plaintiff's Opposed Motion to Strike Defendant's (A) Late Designation of Expert Witness and (B) Late Production of Documents is **GRANTED IN PART AND DENIED IN PART**; and

(4) Plaintiff's Opposed Motion to Strike Defendant's "Response to Plaintiff's Opposed Motion to Strike," or, in the Alternative, Unopposed Motion for Leave to File Reply is **DENIED**.

Dated December 21, 2011.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE