IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ABILENE CHRISTIAN UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GERALD EWING, ) | |
| ) | |
| Defendant. ) | Civil Action No. 1:10-CV-249-C |

## ORDER

On this date the Court considered Plaintiff Abilene Christian University's ("ACU") Motion for Partial Summary Judgment, filed September 15, 2011, and Defendant Gerald Ewing's ("Ewing") Response, filed October 4, 2011. The Court further considered ACU's Motion for Leave to File Second Motion for Summary Judgment on the Issue of Damages, filed October 20, 2011.

### I.  BACKGROUND

Following a disagreement between the parties arising from certain photographs taken by Ewing, ACU filed this declaratory action seeking a declaration that ACU (1) did not infringe Ewing's copyrights and (2) has an implied irrevocable license to use the photographs. Ewing asserted counterclaims alleging (1) breach of implied license, (2) unjust enrichment, and (3) breach of contract.

The parties maintained a harmonious relationship from about 1997 until 2010, during which time Ewing photographed various ACU activities and events on an independent contract basis. He would invoice ACU for the photographic work and provide the images to ACU.

Ewing and ACU did not enter into any formal, written agreement setting forth the terms of their commercial relationship. The parties, of course, dispute the boundaries of their informal agreement relating to the past and future usage of the photographs taken by Ewing.

At some point in 2010, Ewing complained to ACU about certain photographs taken by Ewing of an ACU alumnus being used by a local restaurant to create a mural for a display in the restaurant. Ewing complained that he received no compensation for the photograph. ACU contends that the restaurant requested a photograph of the now-NFL player, along with those of athletes from other local universities, to place in the mural. ACU did not receive any compensation for the photograph. Ewing further complained of usage of other photographs that he had shot for ACU. He complained about an advertisement at the Abilene Regional Airport that included photographs taken by Ewing and other photographers. He also took issue with the fact that certain photographs he had taken of a former ACU alumnus were now appearing on football trading cards produced by two companies and he had received no compensation for the usage of these photographs by the trading card companies. Another instance involved photographs taken by Ewing that were also used in a book published for ACU's 100-year anniversary that, Ewing believed, would only be given to donors and alumni but, in fact, copies were later sold. Finally, Ewing alleges that a website maintained by ACU allows users to download images/photographs taken by Ewing and that he is not compensated for these downloads.

After discussing the issue and failing to reach a mutually agreeable resolution, Ewing eventually sent a cease-and-desist letter to ACU regarding the usage of the photographs at issue. ACU then filed this declaratory judgment action and Ewing filed counterclaims.

ACU has filed its Motion for Partial Summary Judgment seeking dismissal of all of Ewing's counterclaims on the ground that each is preempted by the Copyright Act, 17 U.S.C. §§ 101, *et seq*. Ewing argues that genuine issues of material fact exist precluding summary judgment and, more specifically, that his counterclaims are not preempted by the Copyright Act. The central issue raised by the Motion for Partial Summary Judgment is whether the common law and state law counterclaims are preempted and should be dismissed. The time for amending pleadings (as well as for completing discovery) having long passed, preemption of Ewing's counterclaims will leave him without the ability to prosecute a claim against ACU under the Copyright Act. However, the Court will still be required to reach the issue of copyright infringement when making a ruling on the request for a declaratory judgment.

## II.  STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (internal quotations omitted). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. *Id*. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," the non-movant must come forward, after adequate time for discovery, with significant probative evidence showing a triable issue of fact. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S.

317, 325 (1986); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence. *See Anderson*, 477 U.S. at 251. Rather, the non-movant must present sufficient evidence upon which a jury could reasonably find in the non-movant's favor. *Id*. The pleadings are not summary judgment evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Giles v. General Elec. Co*., 245 F.3d 474, 493 (5th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324). Absent a showing that there is a genuine issue for trial, a properly supported motion for summary judgment should be granted. *See Eversley v. MBank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988); *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

## III.  DISCUSSION

As argued by ACU, the factual basis underlying all three of Ewing's counterclaims clearly falls within the scope of the Copyright Act. Regarding his breach of implied license claim, Ewing alleges that "[ACU] violated or breached the license by using, selling, distributing or otherwise employing Gerald Ewing's photographs without his permission, express or implied. . . ." (Ewing's Answer and Counterclaims at 4.)  Similarly, for his unjust enrichment

claim, Ewing alleges that "[ACU] was unjustly enriched by using, distributing, displaying and otherwise employing Gerald Ewing's photographs without his permission, express or implied. . . ."  (*Id*.)  Finally, in support of his breach of contract claim, he alleges that "[ACU] breached that implied contract by using the photographs as alleged above without Gerald Ewing's permission, express or implied. . . ."  (*Id*. at 4-5.)

As further argued by ACU, in his Answer Ewing admits that ACU has an implied license to use the photographs and that he entered into an implied license or contract with ACU for the use, transmission, distribution, and transfer of the photographs.  (*Id*. at 3-4 ("Through a course of trade, Gerald Ewing entered a license with [ACU], either oral or implied, for the use, transmission, distribution, transfer and application of the photographs by Gerald Ewing.")).

Each of the specific alleged acts by ACU is covered by the Copyright Act.  Ewing's testimony, discovery responses, and consistent position all involve instances where ACU allegedly either displayed photographs shot by Ewing or instances where ACU distributed photographs to a third party.  As argued by ACU, those acts of (a) distributing work of authorship, and (b) displaying a work of authorship are among the exclusive rights provided by the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

The Court finds that Ewing's counterclaims fall within the subject matter of copyright and protect rights that are essentially equivalent to any of the exclusive rights of federal copyright.  *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990) (the state-created right is equivalent to the federal rights "if the mere act of reproduction, distribution, or display infringes it"); 17 U.S.C. §§ 102 and 103.  Ewing's counterclaims are equivalent to a Copyright Act claim because his claims involve "elements that would not establish qualitatively

different conduct by the defendant [] than the elements for an action under the Copyright Act." *Daboub v. Gibbons*, 42 F.3d 285, 290 (5th Cir. 1995). Thus, pursuant to 17 U.S.C. §§ 106 and 301, Ewing's claims are preempted by the Copyright Act and it provides the exclusive remedy for his grievances. The discovery on file in this case, as well as Ewing's pleadings, fail to establish otherwise.

## IV. CONCLUSION

For the reasons stated herein and as argued by Plaintiff in its Motion and Brief in Support, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**; Plaintiff's Opposed Motion for Leave to File Second Motion for Summary Judgment on the Issue of Damages is **DENIED**; Defendant's counterclaims arising under state law are **DISMISSED** as preempted; and Plaintiff's claims for declaratory judgment remain pending on the Court's April 2012 trial docket.

SO ORDERED.

Dated December 21, 2011.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE